Mr. Justice Clayton
delivered the opinion of the court.
This was an action of detinue originally brought by John H. Ashley, against the defendant in error, to recover a negro girl bequeathed to him by the will of his father, Josiah Ashley. The will was admitted to record in 1836, and this suit was instituted in 1841. It seems that the girl in controversy, had been sold by the executor, and the defendant produced and read his return to the probate court of Carroll county, in proof of that fact. The plaintiff then introduced two witnesses, and offered to prove by them, that the sale was made by the executor at private, and not at public sale, as prescribed by law; but the court excluded this testimony from the jury, to which a bill of exceptions was filed. The jury found a verdict for the defendant, and the cause comes by writ of error to this court.
The statute regulating sales by executors and administrators, directs that they shall be made to the highest bidder at public auction. H. & H. 411. And this court has heretofore decided, that unless the statute be pursued in this respect, the sale is void, and confers no title on the purchaser. 1 How. 561. The *530 return of sales does not show upon its face, that the sale was made according to the*statute. It was therefore clearly open to the plaintiff to attack it, and to show by evidence that it was not so made. The evidence offered was legitimate, and it was an error in the court to reject it. If the return had stated that the sale was made publicly, we need not now decide, whether such return would have been conclusive, or only primé, facie in its character.
Several objections, however, are urged in this court, agaiust the recovery of the plaintiff, which we shall proceed to notice. First, it is said that the plaintiff did not introduce any evidence, showing that the slave ever belonged to the testator. Without inquiring whether such testimony were necessary, it is a sufficient reply, that the bill of exceptions does not profess to set out all the proof in the cause. It was taken upon a single point only, the improper exclusion of a particular item of testimony; and if well founded, it is sufficient to reverse the judgment.
The next objection is of a similar character, namely, that the plaintiff introduced no evidence to show the assent of the executor to the legacy. , A similar reply might be made. It may be well to add however, that we do not think the assent of the executor to a specific legacy, is necessary in this state, to enable the legatee to maintain a suit for it at law. The general rule in England was, that the legatee must resort to a court of equity for relief; but the rule was modified so far as to allow an action at law, after the executor had given his assent. 3 East, 120. Gorton v. Dyson, 1 Brod. & Bing. 219. But our statute has introduced a change in very broad and unlimited terms. It enacts “ that any person having a legacy bequeathed in any last will and testament, may sue, for, and recover the same at common law.” H. & H. 412. This places the remedy on higher ground than at common law, and if the property be necessary for the payment of debts, or a final settlement has not been made, the executor must rely on it in his defence, to defeat the recovery.
The last objection is, that the action of detinue does not survive at common law. It is worthy of remark that this objec *531 tion was not made in the court below, and the trial was had without reference to it. We should be very reluctant now to sustain it, even if warranted by strict law, because there is strong reason to hold that the party waived it. The only authority referred to by counsel, in support of this objection, is Jones v. Littlefield, 3 Yerger, 133. The case decides only that the action cannot be revived against persons in their representative capacity, but a new action must be brought against them as individuals. The .reason assigned is,- that they cannot be guilty of a wrongful detention, in a representative character. The reason of this rule does not extend to suits in which the party plaintiif dies. But our statute expressly provides “ that all actions shall survive, except actions of slander, and for injuries or torts done to the person.-” H. & H. 414, sec. S3, 95. We can see no room for doubt as to its intention.
For the improper exclusion of the testimony, the judgmeht will be reversed and a new trial granted.